IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| STEPHEN SYLVESTER WALKER, JR. | * | |
| Petitioner | * | |
| | | CIVIL NO. JKB-16-01187 |
| v. | * | CRIMINAL NO. JKB-11-0290 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM AND ORDER

Now pending before the Court is Mr. Walker's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 163). The Court has carefully reviewed the Motion, the legal Memorandum appended to it (ECF No. 163-1), the Government's Response and supporting documents (ECF Nos. 165, 166), and Mr. Walker's Reply (ECF No. 170).

A criminal defendant is entitled to the effective assistance of counsel. However, while defending his client, counsel enjoys wide latitude in terms of strategies and tactics. It is also left to counsel's sound judgment to decide how hard to advocate on a particular issue, and how to balance various priorities while making the defense. Here counsel represented his client fully and energetically. With respect to the specific complaint now raised in this Motion, counsel did not fail to challenge the Government's proposed use of the underlying convictions. Counsel did not fail to recognize that prejudice would be balanced against probativity in the Court's analysis. Counsel evidently made a judgment, well within the bounds of professional competence, as to how hard to push the issue. Now Mr. Walker complains that counsel did not argue with

sufficient vigor, and did not bring arguably relevant caselaw to the Court's attention. Upon review of counsel's performance, the Court concludes that his efforts on this issue were easily sufficient such that Mr. Walker cannot satisfy the first prong of *Strickland*, *i.e.*, his lawyer did in fact provide effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Equally important here, Mr. Walker fails to demonstrate that he was prejudiced by any action or inaction of his counsel, and thus the second prong of *Strickland* has also not been met. *See id.* The Court cannot come close to concluding that Mr. Walker was prejudiced in any material way by the manner in which his trial counsel attacked the admissibility of the convictions that were ultimately admitted pursuant to Rule 609, Federal Rules of Evidence. Beyond that, there was substantial additional evidence amassed against Mr. Walker during his trial such that conviction was very probable regardless of how the Court resolved the question of whether the underlying convictions should be admitted.

      Accordingly, Mr. Walker's MOTION (ECF NO. 163) is DENIED.

      A certificate of appealability may issue only if the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy §2253(c), a defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). Defendant has failed to meet the standard for a certificate of appealability. Therefore, it is DENIED.

DATED this 26th day of October, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge