# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA,** | * |  |
|  | * |  |
| **v.** | * | **CRIM. NO.  JKB-11-290** |
| **STEPHEN SYLVESTER WALKER, JR.,** | * |  |
| **Defendant** | * |  |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## <u>MEMORANDUM ORDER</u>

Defendant Stephen Walker filed a Motion for Reduction/Modification of Sentence (ECF No. 182) and a Motion for Compassionate Release (Mot. Release, ECF No. 185).  Walker was sentenced to a period of 293 months' imprisonment after he pleaded guilty to possession of a firearm and ammunition by a convicted felon.  (Judgment at 1–2, ECF No. 125.)  He has served just under nine years in prison.  (Mot. Release at 2.)  The Government consents to Walker's release. (Response, ECF No. 196.)  No hearing is required.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, Walker's Motion for Reduction/Modification of Sentence and Motion for Compassionate Release will be granted and his sentence will be reduced to time served plus fourteen days.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable."  A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Walker has exhausted his administrative remedies under § 3582(c)(1)(A) and his request is properly before this Court.   The Court finds, and the parties agree, that Walker's immunocompromised state (resulting from cancer treatment and accompanying neutropenia), asthma, and the associated risk of serious complications due to COVID-19 creates an extraordinary and compelling reason warranting compassionate relief.   Having considered the factors enumerated under § 3553(a), the Court finds that a sentence of time served plus fourteen days promotes respect for the law, deters crime, and protects the public.  The Court finds such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration.  18 U.S.C. § 3553(a).

Accordingly, it is hereby ORDERED:

1. Defendant's Motion for Reduction/Modification of Sentence (ECF No. 182) is GRANTED.

2. Defendant's Motion for Compassionate Release (ECF No. 185) is GRANTED.

3. A new judgment and commitment order will issue setting the sentence at time served plus fourteen days, such that Defendant is released from custody as soon as the terms of this Order can be implemented.

4. As a condition of supervised release, Walker will be placed on home detention for a period of one year.   Certain exceptions could be granted at the discretion of the Probation Office, including for medical appointments.

5. As a condition of supervised release, Walker will have no knowing and intentional contact with any of the law enforcement witnesses in the case.

6. All other terms of the sentence imposed not altered by this Order remain in full force and effect and will be reflected in the amended judgment and commitment order.

7. Defendant SHALL be quarantined for fourteen days and pass a medical clearance prior to release.


DATED this 20th day of July, 2020.

BY THE COURT:


_____/s/_____

James K. Bredar
Chief Judge